## S13F1749. SAPP v. SAPP.
### (754 SE2d 79)

BLACKWELL, Justice.

We granted the application of Mary Brown Sapp for a discretionary appeal from a divorce decree that required Sapp and her former husband to sell their marital home. But upon further review, it appears that the decree was not final.[1] Although it directed the sale of the marital home, the decree also provided that, if Sapp and her former husband did not agree on a listing price — and there is no dispute that they never agreed — the court would set a price at a later date. When a divorce is granted by a decree that reserves an issue to be determined later, the decree is interlocutory, not final. See *Miller v. Miller*, 288 Ga. 274, 282 (4) (705 SE2d 839) (2010); see also *Miller v. Miller*, 282 Ga. 164, 165 (646 SE2d 469) (2007). Because the decree was interlocutory, Sapp was required to bring her appeal pursuant to OCGA § 5-6-34 (b), which requires, among other things, a certificate of immediate review. Because Sapp failed to comply with OCGA § 5-6-34 (b), we dismiss her appeal. See *Stevens v. State*, 292 Ga. 218 (734 SE2d 743) (2012); *Gelfand v. Gelfand*, 281 Ga. 40, 41 (635 SE2d 770) (2006).

*Appeal dismissed. All the Justices concur.*

DECIDED JANUARY 21, 2014.

*Holle Weiss-Friedman,* for appellant.

---

[1] When we granted the application, we directed the parties to brief whether the decree was final.

*Ferrier & Ferrier, Crystal R. Ferrier*, for appellee.